UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

CIVIL ACTION NO.

04 12210 NG

| | |
|---|---|
| DENISE SMALL, Plaintiff | |
| v. | |
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, Defendant | |

RECEIPT # _____
AMOUNT $ 150.00
SUMMONS ISSUED 1
LOCAL RULE 4.1 X
WAIVER FORM X
MCF ISSUED X
BY DPTY. CLK. M.P.
DATE 10/21/2004

**COMPLAINT AND JURY DEMAND**

**Introduction**

1.  In this action, plaintiff Denise Small brings claims against defendant Massachusetts Institute of Technology ("MIT") for race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*; 42 U.S.C. § 1981; and Mass. Gen. Laws ch. 151B.

**Jurisdiction**

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

3.  This Court has supplemental jurisdiction over the state claims in this matter pursuant to 28 U.S.C. § 1367(a).

**Parties**

4.  Plaintiff Denise Small is an adult resident of Boston, Massachusetts. At all times relevant, she was employed by MIT.

5.  Defendant Massachusetts Institute of Technology is a non-profit corporation with a principal place of business in Cambridge, Massachusetts.

## Factual Allegations

6. Ms. Small is a Black woman who began working for MIT in 1998 as a senior secretary in the Harvard/MIT Division of Health Sciences and Technology ("HST"). Ms. Small was hired to provide secretarial support and account management services for multiple principal investigators.

7. Throughout her employment at MIT, Ms. Small received positive performance reviews. For example, her most recent performance reviews included "exceptional" and "highly effective" ratings, defined as "performance is consistently superior and significantly exceeds position requirements" and "performance frequently exceeds position requirements," respectively. Ms. Small was well qualified for her position.

8. Beginning in 2000, Ms. Small was subject to an ongoing sequence of disparate treatment by MIT. Dr. Martha Gray, a Co-Director of HST, and later Maria Judge, as HST's Administrative Officer, repeatedly and unreasonably questioned Ms. Small's allocation of time and otherwise subjected her to more stringent standards because of her race. MIT's disparate treatment of Ms. Small continued until her termination and led to her termination.

9. Ms. Small repeatedly and in good faith complained about MIT's discrimination, including a complaint several days before her termination.

10. Ms. Small was terminated from MIT on March 7, 2002. She would not have been terminated but for her race or complaints of discrimination.

11.     Ms. Small filed a timely charge of discrimination and retaliation with the Massachusetts Commission Against Discrimination and the United States Equal Employment Opportunity Commission ("EEOC").

12.     On August 5, 2004, Ms. Small received from the EEOC a notice of right to sue.

13.     Ms. Small has exhausted her administrative remedies and has timely invoked the jurisdiction of this Court.

## Causes of Action

### COUNT I:  DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 U.S.C. §§ 2000e et seq.

14.     Ms. Small hereby restates and incorporates the above paragraphs.

15.     MIT discriminated against Ms. Small because of race, and retaliated against her, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*.

16.     Ms. Small has fulfilled all the administrative prerequisites for bringing claims under Title VII.

17.     As a consequence of MIT's unlawful actions, Ms. Small has suffered and continues to suffer damages, including but not limited to lost pay and emotional and mental distress.

### COUNT II:  DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

18.     Ms. Small hereby restates and incorporates the above paragraphs.

19.     MIT discriminated against Ms. Small because of race in violation of 42 U.S.C. § 1981.

20. As a consequence of MIT's unlawful actions, Ms. Small has suffered and continues to suffer damages, including but not limited to lost pay and emotional and mental distress.

## COUNT III: DISCRIMINATION AND RETALIATION IN VIOLATION OF MASS. GEN. LAWS CH. 151B.

21. Ms. Small hereby restates and incorporates by reference the above paragraphs.

22. MIT discriminated against Ms. Small because of race, and retaliated against her, in violation of Mass. Gen. Laws ch. 151B.

23. Ms. Small has fulfilled all the administrative prerequisites for bringing claims under Mass. Gen. Laws ch. 151B.

24. As a consequence of MIT's unlawful actions, Ms. Small has suffered and continues to suffer damages, including but not limited to lost pay and emotional and mental distress.

WHEREFORE, Ms. Small respectfully requests this Court to:

A. Award her back pay and benefits;

B. Award her front pay and benefits;

C. Award her damages for emotional and mental distress;

D. Award her punitive damages;

E. Award her attorneys' fees, costs, and interest; and

F. Grant such other relief as is just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

                DENISE SMALL
                By her attorney,

                _/s/ Stephen S. Churchill_
                Stephen S. Churchill (BBO# 564158)
                Clinical Instructor
                Audrey Lee
                Student Advocate
                Hale & Dorr Legal Services Center of
                Harvard Law School
                122 Boylston Street
                Jamaica Plain, MA  02130
                (617) 390-2500

Dated: October 21, 2004