UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENISE SMALL,<br><br>      Plaintiff,<br><br>v.<br><br>MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br>      Defendant. | Docket No. 04-12210-NG |

## ANSWER OF DEFENDANT MASSACHUSETTS INSTITUTE OF TECHNOLOGY

Defendant Massachusetts Institute of Technology ("MIT") hereby answers, through its attorneys, the allegations contained in Plaintiff Denise Small's Complaint dated October 21, 2004 (the "Complaint"):

### Introduction

1. Paragraph 1 of the Complaint purports to describe the Complaint itself and states conclusions of law as to which no answer is necessary. Further answering, MIT denies that it has discriminated or retaliated against Plaintiff.

### Jurisdiction

2. Paragraph 2 of the Complaint states a conclusion of law as to which no answer is necessary. To the extent that a response is required, MIT denies the allegations of Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint states a conclusion of law as to which no answer is necessary. To the extent that a response is required, MIT denies the allegations of Paragraph 3 of the Complaint.

### Parties

4. Upon information and belief, MIT admits that Plaintiff is an adult resident of Boston, Massachusetts. MIT states that the second sentence of Paragraph 4 purports to state a legal conclusion as to which no answer is necessary. Further answering, MIT admits that Plaintiff is a former employee of MIT.

5. MIT admits that it is a Massachusetts nonprofit corporation with its principal offices in Cambridge, Massachusetts but denies that it has a "principal place of business," as it is a charitable, not-for-profit corporation devoted to education and research.

### Factual Allegations

6. MIT admits that Plaintiff "is a Black woman who began working for MIT in 1998." Further answering, MIT denies that Plaintiff "began working" at MIT as a senior secretary, and states that Plaintiff began working as a temporary secretary for the Harvard/MIT Division of Health Sciences and Technology ("HST") in April 1998. Further answering, MIT states that Plaintiff began working as a Senior Secretary at HST in September 1998. MIT admits that Plaintiff was hired to provide secretarial support and account management services for multiple principal investigators, among other tasks. Further answering, MIT states that Plaintiff's more complete job description was set forth in a written job description.

7. MIT denies the allegations set forth in the first sentence of Paragraph 7 of the Complaint. MIT states that the second sentence of Paragraph 7 of the Complaint refers to documents, which have been selectively excerpted, and which speak for themselves. MIT denies Plaintiff's characterizations of those documents as set forth in the second sentence of Paragraph 7 of the Complaint. MIT denies that Plaintiff was "well qualified for her position" because she failed to perform an essential job duty of the position of Senior Secretary in HST.

8. MIT denies the allegations set forth in Paragraph 8 of the Complaint.

9. MIT states that the allegations set forth in Paragraph 9 of the Complaint state conclusions of law as to which no answer is necessary. To the extent that a response is required, MIT denies the allegations set forth in Paragraph 9 of the Complaint.

10. MIT admits that Plaintiff's employment was terminated on or about March 7, 2002. MIT denies the allegations set forth in the second sentence of Paragraph 10 of the Complaint.

11. MIT states that the allegations contained in Paragraph 11 of the Complaint state conclusions of law as to which no answer is necessary. To the extent that a response is required, MIT denies the allegations set forth in Paragraph 11 of the Complaint.

12. MIT lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 12 of the Complaint and therefore denies such allegations.

13. MIT states that the allegations set forth in Paragraph 13 of the Complaint state conclusions of law as to which no answer is necessary. To the extent that a response is required, MIT denies the allegations set forth in Paragraph 13 of the Complaint.

### Causes of Action

### COUNT I: DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 U.S.C. §§ 2000e et seq.

14. MIT repeats and incorporates by reference its answers to the allegations contained in Paragraphs 1-13 as if fully set forth herein.

15. MIT denies the allegations set forth in Paragraph 15 of the Complaint.

16. MIT denies the allegations set forth in Paragraph 16 of the Complaint.

17. MIT denies the allegations set forth in Paragraph 17 of the Complaint.

### COUNT II: DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

18. MIT repeats and incorporates by reference its answers to the allegations contained in Paragraphs 1-17 as if fully set forth herein.

19. MIT denies the allegations set forth in Paragraph 19 of the Complaint.

20. MIT denies the allegations set forth in Paragraph 20 of the Complaint.

### COUNT III: DISCRIMINATION AND RETALIATION IN VIOLATION OF M.G.L. c. 151B

21. MIT repeats and incorporates by reference its answers to the allegations contained in Paragraph 1-20 as if fully set forth herein.

22. MIT denies the allegations set forth in Paragraph 22 of the Complaint.

23. MIT denies the allegations set forth in Paragraph 23 of the Complaint.

24. MIT denies the allegations set forth in Paragraph 24 of the Complaint.

### Prayer for Relief

MIT denies that Plaintiff is entitled to any of the relief that she seeks.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed, in whole or in part, to state a claim upon which relief could be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by her failure to bring a claim within the applicable limitations period.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by her failure to satisfy the administrative prerequisites of G.L. c. 151B, §§ 5 and/or 9 and 42 U.S.C., § 2000e-5.

### Fourth Affirmative Defense

Plaintiff has failed to state a prima facie case of discrimination or retaliation.

### Fifth Affirmative Defense

MIT had legitimate, nondiscriminatory reasons for its personnel actions as to Plaintiff.

### Sixth Affirmative Defense

Damages sustained by Plaintiff, if any, were not proximately caused by the actions of MIT.

### Seventh Affirmative Defense

Pursuant to G.L. c. 231, § 85K, MIT's liability is limited to $20,000.

### Eighth Affirmative Defense

Plaintiff's claims are barred because MIT used reasonable care to prevent discrimination and harassment.

By its attorneys,

_____
Jeffrey Swope (BBO #490760)
Sean M. Becker (BBO #641763)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100

December 3, 2004

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each other party by mail on December 3, 2003.

_____