UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENISE SMALL,<br>      Plaintiff,<br><br> v.<br><br>MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br>      Defendant. | Docket No. 04-12210-NG |

**STIPULATION AND CONFIDENTIALITY ORDER**

  In recognition that the Plaintiff, Denise Small ("Ms. Small") or the Defendant, Massachusetts Institute of Technology ("MIT") may request that the opposing party produce documents that contain confidential and sensitive personal information, Ms. Small and MIT hereby stipulate and agree to the entry of a confidentiality order for the protection of documents that are designated to contain such information and that are produced or otherwise disclosed during the course of this litigation, and the information contained therein.

  The parties agree as follows:

1.  a. This Stipulation and Protective Order shall apply to all documents identified and marked by a party as confidential in the course of discovery, and the information contained therein (hereinafter the "Confidential Information").

   b. Documents containing Confidential Information shall be so identified by marking the initial page "confidential" or the like prior to the time that such documents are produced. Responses to interrogatories or other discovery requests or responses, or other papers served on the other party

        containing information deemed confidential under the terms of this Stipulation and Protective Order shall be designated as Confidential Information by prominently marking such papers "confidential" or the like.

    c.    Information disclosed or discussed in a deposition may, subject to this Stipulation and Confidentiality Order, be designated by any party as Confidential Information by so indicating on the record at the time of the deposition or, within 10 days after receipt by the party of the applicable deposition transcript, by notifying counsel for the other parties as to which portions of the deposition transcript contain Confidential Information. Information disclosed or discussed in a deposition shall, unless earlier designated, be treated as Confidential Information for 10 days following the receipt of the transcript.

    d.    In the event that a party fails, at the time or in the manner set forth in (a), (b) or (c) above, to designate any document or information as Confidential Information that it later determines ought to be so designated, a party may later designate any such document or information as Confidential Information, provided that it shall not be a violation of this Stipulation and Confidentiality Order to have disclosed it prior to notice of its designation as Confidential Information.

2.    Confidential Information shall be used solely for purposes of this litigation.

3.    Confidential Information will not be shown or disclosed to any person, except:

    a.    a party and her or its employees or agents;

  b.  a party's legal counsel, and employees or agents of the same;

  c.  witnesses, experts and consultants retained to assist the parties in this litigation, and potential witnesses, experts and consultants that the parties' counsel in good faith believe may become witnesses or retained experts or consultants;

  d.  the Court and Court personnel, in the manner provided in paragraph 4;

  e.  court reporters whose services are used in connection with this litigation; and

  f.  any other person as to whom the parties agree.

Before disclosing Confidential Information to any person described in (a) or (c) above, counsel to the party disclosing the information shall apprise such person of the existence and general terms and restrictions of this Stipulation and Confidentiality Order, and shall obtain the consent of the person to abide by its terms.

  4.  Nothing in this Stipulation and Confidentiality Order shall prevent the use of Confidential Information at any trial or hearing, or at any deposition, or in documents or pleadings filed with the Court. However, either party may request that the portion of any proceedings where said use is made shall be <u>in camera</u>, or with access limited only to persons described in paragraph 3. If Confidential Information is contained in or attached to pleadings or papers filed with the Court, counsel filing such pleadings or papers shall request that the Court file such pleadings or papers under seal. Pursuant to Local Rule 7.2(d), the parties may file a motion for impoundment at the same time as the submission of the actual material sought to be impounded.

5. Within 60 days after conclusion of this litigation, including the expiration of all periods for appeal from any judgment, all Confidential Information shall be returned to counsel for the party designating it as confidential (except documents in the files of the Court, and documents retained in counsel's files and that were marked as exhibits at depositions, at trial, or in affidavits or other papers filed with the Court), or otherwise disposed of by any mutually agreed-upon method.

6. This Stipulation and Confidentiality Order shall be without prejudice to the right of either party to oppose production of any information on any grounds, or to the right of the parties to bring before the Court at any time the question of whether any particular information is or is not in fact of a confidential nature, and whether it should be subject to protection different from that provided in this Stipulation and Confidentiality Order. MIT reserves its right to move for a protective order seeking greater protection for documents containing confidential peer review information used in connection with the review of members of the respondent's faculty for promotion to a higher academic rank. A party shall not be obligated to challenge the propriety of the designation of any document or information as Confidential Information at the time such designation is made, or at any other time, and the failure to do so shall not preclude a subsequent challenge thereof.

7. This Stipulation and Confidentiality Order has no effect upon, and its scope does not extend to: (i) the parties' use of their own confidential information; (ii) any information that is, was, or becomes public not in violation of this Stipulation and Confidentiality Order; (iii) the use by any person of information obtained outside of discovery in this litigation; and (iv) disclosure of Confidential Information to the extent otherwise required by law.

8. The terms of this Stipulation and Confidentiality Order shall survive and remain in full force and effect after the termination of this action.

| | |
|---|---|
| DENISE SMALL | MASSACHUSETTS INSTITUTE OF TECHNOLOGY |
| By her attorneys, | By its attorneys, |
| /s/ Stephen S. Churchill<br>Stephen S. Churchill (BBO # 534158)<br>Hale & Dorr Legal Services Center of<br> HARVARD LAW SCHOOL<br>122 Boylston Street<br>Jamaica Plain, MA  02130<br>(617) 390-2578 | /s/ Sean M. Becker<br>Jeffrey Swope (BBO #490760)<br>Sean M. Becker (BBO #641763)<br>PALMER & DODGE LLP<br>111 Huntington Avenue<br>Boston, MA 02199<br>(617) 239-0100 |

March 28, 2005

Entered as an Order of the Court on _____, 2005

_____