UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DENISE SMALL,

        Complainant,

v.

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY, et. al.,

        Respondent.

Docket No. 04-12210-NG

**DEFENDANT MASSACHUSETTS INSTITUTE OF TECHNOLOGY'S
SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 26 and 34(b) and the Court's order of June 13, 2006, defendant Massachusetts Institute of Technology ("MIT"), provides the following supplemental responses to Plaintiff's First Request for Production of Documents. These supplemental responses are made subject to and without waiving any of the general or specific objections raised in MIT's Response to Plaintiff's First Request for Production of Documents, which objections are incorporated by reference. MIT agrees to produce those documents that are responsive, not privileged, within its possession, custody or control, and that it has been able to locate following a due and diligent search in the usual locations where such documents are located, subject to and without waiving the following general objections and any specific objections set forth below each individual request. MIT will make the documents available for inspection and copying at the office of Edwards Angell Palmer & Dodge LLP at a mutually agreeable time. Further, to the extent that other responsive and non-privileged documents are located at a later time, MIT reserves the right to supplement its response. MIT's agreement to produce a particular type of document shall not be deemed to constitute admissions: (1) that any

particular document exists, is relevant, or is admissible in evidence; or (2) that any statement or characterization in the Plaintiff's request is accurate or complete.

## SUPPLEMENTAL RESPONSES

**REQUEST NO. 8:**

All documents concerning HST's affirmative action or anti-discrimination policies or practices during 1999 through 2002.

**OBJECTION TO REQUEST NO. 8:**

MIT objects to this request on the grounds that it is vague and ambiguous, overbroad, burdensome and calls for irrelevant information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

Subject to and without waiving any of its objections, MIT agrees to produce the Affirmative Action Plans for areas that report to the Vice President and Dean for Research, which includes HST.

**REQUEST NO. 9:**

The personnel files for all Black employees whose employment was terminated, voluntarily or involuntarily, at HST during 1999 through 2002.

**OBJECTION TO REQUEST NO. 9:**

MIT objects to this request on the grounds that it is vague and ambiguous, overbroad, burdensome, calls for confidential information and calls for irrelevant information.

**SUPPLMENETAL RESPONSE TO REQUEST NO. 9:**

Subject to and without waiving any of its objections, MIT agrees to produce non-privileged documents responsive to this request which are within its possession, custody and

control. MIT further states that personal information concerning other MIT employees has been redacted from certain of the documents produced pursuant to this Request No. 9.

**REQUEST NO. 10:**

The personnel files for all employees who were disciplined at HST during 1999 through 2002.

**OBJECTION TO REQUEST NO. 10:**

MIT objects to this request on the grounds that it is vague and ambiguous, overbroad, burdensome, calls for confidential information and calls for irrelevant information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 10:**

Subject to and without waiving any of its objections, MIT agrees to produce non-privileged documents responsive to this request which are within its possession, custody or control. MIT further states that additional documents responsive to this request were produced in response to Request No. 9 and that personal information concerning other MIT employees has been redacted from certain of the documents produced pursuant to this Request No. 10.

**REQUEST NO. 16:**

All work logs completed by any employees at HST during 1999 through 2002.

**OBJECTION TO REQUEST NO. 16:**

MIT objects to this request on the grounds that it is vague and ambiguous, overbroad, burdensome, calls for confidential information and calls for irrelevant information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 16:**

Subject to and without waiving any of its objections, MIT states that there are no additional documents in MIT's possession, custody or control which are responsive to this

request.

**REQUEST FOR PRODUCTION NO. 17:**

All records of overtime for employees of HST during 1998 through 2000.

**OBJECTION TO REQUEST NO. 17:**

MIT objects to this request on the grounds that it is vague and ambiguous, overbroad, burdensome, calls for confidential information and calls for irrelevant information.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 17:**

Subject to and without waiving any of its objections, MIT agrees to produce non-privileged documents in its possession, custody or control which are responsive to this request.

Respectfully submitted,

_____
Jeffrey Swope (BBO #490760)
Robert G. Young (BBO #650541)
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue at Prudential Center
Boston, MA  02199-7613
617.239.0100

Dated: July 14, 2006

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each other party by mail on July 14, 2006.

_____